UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 16-120-HRW

ALLEN R. HEWITT,                                                                                PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

WESTERN AND SOUTHERN FINANCIAL GROUP
FLEXIBLY BENEFITS PLAN
and
THE WESTERN AND SOUTHERN LIFE INSURANCE CO.,            DEFENDANTS.

This matter is before the Court upon Defendants' Motion to Dismiss [Docket No. 8] as well as Plaintiff's Motion for Summary Judgment [Docket No. 13]. The motions have been fully briefed by the parties [Docket Nos. 15, 18 and 19]. For the reasons set forth herein, the Court finds that the Complaint fails to state a claim upon which relief may be granted and this matter will, therefore, be dismissed.

I.

This is a civil action filed pursuant to the Employee Retirement Income Security Act ("ERISA") to recover benefits Plaintiff alleges he is owed from Defendants for a medical procedure.

A.

According to the Complaint, Plaintiff began his employment with Defendant The Western and Southern Life Insurance Company ("WSLIC") in November 2014. Shortly thereafter, he joined the Western and Southern Financial Group Flexible Benefits Plan ("Plan"),

which provides certain benefits to its members, including medical coverage. The Plan is governed by ERISA and a copy of it is attached to Plaintiff's Complaint [Docket No. 1-6, 7, 8 and 9].

With regard to medical coverage, and as it pertains to this case, the Plan provides reimbursement for medical expanses that are deemed necessary and appropriate, and are not experimental in nature. Further, the Plan prohibits a member from filing a lawsuit reflating to coverage more than six months following a denial of a claim for coverage. The Plan provides in pertinent part:

> "*[N]o action*, including, but not limited to administrative, claim or suit relating to or arising out of the Plan *may be commenced or maintained more than six months after the later of the employer's initial claim decision or the employer's decision on review.*"

(*Id.* at §14.13 (emphasis added).)

### B.

In his Complaint Plaintiff alleges that prior to his employment with WSLIC, he was diagnosed with several medical conditions related to the second toe of his right foot: a fractured second metatarsal on his right foot, second Metatarsophalangeal Joint ("MPJ") capsulitis and Freiberg's Disease.

On September 25, 2015, Plaintiff requested that the Plan provide coverage for a second MPJ arthroplasty surgery. Western Southern reviewed the request, including commissioning an outside expert, Dr. Allan Bernstein, DPM, to review Plaintiff's medical records and request. Dr. Bernstein opined that the surgery was not medically necessary but, rather, experimental.

Via letter dated October 2, 2015, a representative from the Benefits Department of the

2

Plan advised Plaintiff that his claim was denied. A copy of this letter is attached to the Complaint [Docket No. 1-3]. Defendants explained that "the surgery is considered to be experimental / investigative and not medically necessary." *Id.* The request was also denied as medical records indicated that Mr. Hewitt's condition was "asymptomatic" and there was no documentation of "conservative treatment failure." *Id.* In the denial letter, Defendants explained that Mr. Hewitt could appeal his decision within 180 days, and that "any action, claim or suit relating to, or arising out of the Plan ***must be commenced or maintained six months after the date of this letter or the decision on appeal.***" *Id.* (emphasis added).

## C.

Plaintiff appealed this decision on October 14, 2015. This appeal, was denied on November 6, 2015. Once again, its letter of denial, the Benefits Appeals Committee reminded Mr. Hewitt "that, in accordance with the Plan, no action, including but not limited to administrative, claim or suit relating to or arising out of the Plan, may be commenced or maintained more than six months following the Benefits Appeals Committee's decision on review." *Id.*

Beginning in mid-November, and continuing until May, Plaintiff continued to write to Defendants regarding his claim:

(1) In a letter dated November 19, 2015, Defendants provided Mr. Hewitt with documents he requested, and reminded Mr. Hewitt of the six month limitations period under the Plan.

(2) In a letter dated January 13, 2016, Defendants denied Mr. Hewitt's request for further review of his claims, and explained "*there is no allowance for a second*

3

*level of appeal, and there is no further means of review available."* Defendants again reminded Mr. Hewitt that no action could be maintained more than six months following the Benefit Appeals Committee's decision on review.

(3) In a February 2, 2016 letter providing Mr. Hewitt with additional requested documents, Defendants again reminded Mr. Hewitt that he could not file a lawsuit more than six months following the Benefit Appeals Committee's decision on review.

(4) In a letter dated February 19, 2016, Defendants responded to Mr. Hewitt's further inquiries, and again reminded him of the applicable limitations period.

(5) In a letter dated March 18, 2016, Defendants again denied Mr. Hewitt's request for a second level of review on his claim, explaining that *"the Plan's administrative remedies have been exhausted, there is no allowance for a second level of appeal for this claim, and there is no further means of review available.* Again, the letter reminded Mr. Hewitt about the applicable six-month limitations period in the Plan.

(6) In a letter dated April 21, 2016, Defendants again informed Mr. Hewitt that they would not be revisiting the prior decisions on his claim, and again informed him of the applicable six-month limitations period.

(7) Finally, in a May 6, 2016 letter, Defendants again informed Mr. Hewitt that he had already "exhausted the administrative remedies available under the Plan." And one last time, Defendants informed Mr. Hewitt about the applicable limitations period: "Again, I want to emphasize that in accordance with the Plan,

4

no action, including but not limited administrative, claim or suit

relating to or arising out of the Plan may be commenced or maintained more than

6 months following the Benefits Appeal Committee's decision on review."

Copies of all this correspondence are attached to Plaintiff's Complaint.

Ultimately, on September 28, 2016, ten months following the denial of his appeal, Plaintiff filed the instant lawsuit.

Defendants seek dismissal of this action, arguing that it is time-barred.

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells,* 506 F.3d 422, 426 (6th Cir.2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcrof v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## III.

Plaintiff has asserted three claims under ERISA arising out of the denial of his claim for medical benefits: (1) for recovery of benefits; (2) for breach of fiduciary duty; and (3) for an award of costs and fees. However, according to the terms of the Plan, he had six months following the denial of his appeal within which to file a lawsuit. Here, it is undisputed that, by virtue of his membership in the Plan, Plaintiff and Defendants agreed that any lawsuit must be brought within six months after the denial of his internal appeal. Plaintiff admits

5

that his appeal was denied on November 6, 2015 and this lawsuit was filed more than ten months later, on September 26, 2016. Therefore, his claims are time-barred and thus, subject to dismissal.

The Court notes that it is well established that parties may agree to a contractual limitations period in which to bring a lawsuit arising out of a claim made to an ERISA plan, even if the period is shorter than the analogous state statute of limitations. *Heimeshoff v. Hartford Life Accident Ins. Co.*, 134 S.Ct. 6-4, 610 (2013). *See also, Claeys v. Aetna Life Ins. Co.*, 548 F. App'x 344, 346 (6th Cir. 2013) (upholding dismissal of an ERISA breach of fiduciary duty claim under the Plan's shortened limitations period). Indeed, federal courts have routinely upheld limitations in ERISA plans even shorter than six months. *See e.g., See, e.g., Dye v. Assocs. First Cap. Corp. Long-Term Disab. Plan*, 243 F. App'x 808, 809-10 (5th Cir. 2007), *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir. 1998) and *Segerdahl v. Segerdahl Corp. ESOP*, 2006 U.S. Dist. LEXIS 30054, *34-35 (N.D. Ill. Apr. 17, 2006).

Nor can a case be made for equitable tolling of the period of limitations. "Equitable tolling is thus narrowly applied." *Id.* (citation omitted); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, (1990) ("Federal courts have typically extended equitable relief only sparingly."). A court considers five factors when determining whether equitable tolling of a limitations period is justified. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 575 (6th Cir. 2010) Those factors are (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the

defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* (*quoting Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiff has not and cannot satisfy any of these factors. Plaintiff cannot credibly argue that he was not fully and fairly warned of the six-month period in which to file a lawsuit. It was reiterated, over and over, in the correspondence Plaintiff attached to his Complaint.

Although Plaintiff contends that the Plan was, somehow, a contract of adhesion and/or ambiguous, neither argument has merit. There is no evidence in the record to support.

Finally, Plaintiff appears to suggest that the letters he sent Defendants following the denial of appeal, had the effect of tolling the limitations period. Yet, there is no law to support this assertion.

Simply put, despite knowing of the deadline, Plaintiff, for whatever reason, did not adhere to it. Plaintiff claims are time-barred and, thus, must be dismissed.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 8] be **SUSTAINED** and Plaintiff's Motion for Summary Judgment [Docket No. 13] be **OVERRULED**.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE** and this matter **STRICKEN** from the docket of this Court.

This 1st day of May, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge