UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 16-120-HRW

ALLEN R. HEWITT,                                                          PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

WESTERN AND SOUTHERN FINANCIAL GROUP
FLEXIBLY BENEFITS PLAN
and
THE WESTERN AND SOUTHERN LIFE INSURANCE CO.,          DEFENDANTS.

This matter is before the Court upon Plaintiff's Motion to Reconsider [Docket No. 31].

The motion has been fully briefed by the parties [Docket Nos. 31, 33 and 34]. For the reasons set

forth herein, the Court will overrule the motion.

I.

Plaintiff commenced this action under the Employee Retirement Income Security Act

("ERISA") to recover benefits he claimed he was owed from Defendants Western and Southern

Financial Group Flexible Benefits Plan and The Western and Southern Life Insurance Company

(collectively "Defendants") for an experimental and investigative procedure on his second toe.

Despite having been previously advised by Defendants repeatedly that the Plan required him to

bring any lawsuit within six months after the Defendants' November 6, 2015 denial of his appeal,

Plaintiff nonetheless waited ten months to file the present suit. Defendants moved to dismiss the

Complaint. [Docket No. 8] The issue was fully and extensively briefed by the parties [Docket

Nos. 13, 15, 18 and 19].

By Memorandum Opinion and Order entered on May 1, 2017, this Court sustained Defendants' motion dismissed Plaintiff's case against Defendants as time-barred. [Docket No. 27].

Plaintiff now asks the Court to revisit its decision.

## II.

The standards for reconsideration are necessarily high. There are only three grounds upon which a district court may amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *See* Fed.R.Civ.P. 59(e); *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). A party may not utilize a Rule 59(e) motion to re-litigate issues the Court previously considered. *See Tennessee v. Waters,* Nos. 3:10-CV-176, 3:10-CV-268, 2011 WL 540543, at *1 (E.D. Tenn. Feb. 8, 2011) (slip copy) (citing *Keweenaw Bay Indian Cmty. v. United States,* 940 F. Supp. 1139, 1141 (W.D. Mich. 1996)). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence. *See Tolbert v. Potter,* 206 F. App'x 416, 417-18 (6th Cir. 2006); *Emmons v. McLaughlin,* 874 F.2d 351, 358 (6th Cir. 1989).

## III.

This Court finds that none of these reasons set forth in Rule 59(e) are presented by Plaintiff. He does not offer any new fact or law on which the Court may find reconsideration appropriate. Nor is there manifest injustice which must be corrected in this record. Indeed, the bulk of his motion is devoted to reiterating arguments previously raised, calling into question this Court's interpretation of the law and asserting that this Court's decision was incorrect. However, merely "claiming that the Court misinterpreted the applicable facts and law ... is not a basis to find a clear error of law or manifest injustice." *Nayyar v. Mt. Carmel Health Sys.*, 2014 U.S. Dist. LEXIS 19916, *9-10 (S.D. Ohio Feb. 18, 2014); *see also Settle-Muter Electric, Ltd. v. Siemens Industry, Inc.*, 2016 U.S. Dist. LEXIS 127995, at *5 (S.D. Ohio Sept. 20, 2016).

Plaintiff also raises two arguments heretofore not presented. First, he asks the Court to "address whether Article I gives Congress the power to prevent states from applying applicable civil laws to ERISA plans and whether §1144 may permissibly be read to avoid unconstitutional events." Second, he argues that, hypothetically, if the Plan were only partially-funded, then a state statute of limitations should apply to his claims, rather than the limitations period provided in the Plan. Neither arguments is proper for reconsideration as they could have, and perhaps should have, been raised initially. This is a not the rare case where an intervening change in the law or newly discovered evidence forms the basis of a new legal theory. Rather, Plaintiff seeks a second bite at the proverbial apple. A Rule 59 motion is not an opportunity to reargue a case, but that is all that Plaintiff seeks to do. This is insufficient for this Court to disturb its original ruling.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [Docket

No. 31] be **OVERRULED**.

This ___ day of July, 2017.

Signed By:

Henry R. Wilholt, Jr.

United States District Judge